By the Court,

Cowen, J.
It is scarcely necessary to deny, in order to justify the judge’s course, that a commission might have been issued. In authorizing the defendant to demand his adversary’s oath, the statute intended effectually to enlarge his means of proof. We cannot impute to it a promise of the plaintiff’s testimony ; and at the same time an intent that he may absent himself from the .state at such convenient period as he shall choose to commence his suit, and put off the defendant with a commission. If he take one, of what value will it be 1 On its reaching London, the plaintiff has perhaps gone to Paris, and on following him there, he has departed for Rome. The large amount here in controversy (more than $19,000) would defray the expense of such evasions through a large series and for a good while. But if he remain at London, what law is shown to us that would there compel him to testify 1 He is a party j *569 but if otherwise, I know not of any process which would compel his attendance before commissioners; or, if there be such, and it is no more efficient than our own, he could afford to pay the penalty of refusing to appear. In some of the European nations, the government, I believe, will not allow commissioners to examine even a voluntary witness without our first asking its permission. Suppose the plaintiff had gone into New-Jersey to remain while this suit was pending, the same arguments against delay would come with the same force. He controls the time of trial, and is most deeply interested, if the defendant’s plea and oath be true, to evade testifying at all, and especially upon the stand where he can be cross-examined. It is not without some weight that the defendant may desire an appeal to the fear of temporal punishment if the plaintiff should testify falsely. This would be lost, perhaps entirely, by an examination abroad. Suppose the plaintiff had spirited away a material witness for the defendant, would the judge be bound to take for answer that the witness might be pursued by a' commission % Would he not rather be bound to postpone the trial, with costs to be paid by the plaintiff 1 I said in Bosworth v. Perhamus, (20 Wend. 611,) in respect to a case somewhat similar to the present, that the judge has a discretion. It was no more than what has been said a thousand times of an application to put off a trial for want of testimony. He always has a discretion in such a case, with which we ought not in general to interfere—perhaps never—in the case at bar obviously not. The cause has been repeatedly postponed, being as many times noticed for trial by the plaintiff, until we are now informed that the necessities of his business will probably bring him home in a short time, say this winter or next spring. Yet we find his counsel stoutly resisting a motion made last November circuit to put off the cause, on the- ground that a commission should have gone. Very likely the judge felt a suspicion that the plaintiff was keeping away from his business because he was'afraid of being subpoenaed if the cause, should not be pressed through before his arrival.
*570 It is suggested, and a belief expressed in one of the affidavits, that the plaintiff is sick. If a witness be so much indisposed that he will probably be unable to attend at one circuit, it is always an excuse for putting off the trial till the next j and, on a strong and clear case like the present, it is by no means.an abuse of discretion to postpone the trial generally till he shall attend.
Bronson, J. dissented.
Motion denied.(a)

 See Rapelye v. Prince, (ante, p. 119.)